Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3078

JAMES O. RICHARDSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

James O. Richardson, of Pensacola, Florida, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3078

JAMES O. RICHARDSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Appeal from the Merit Systems Protection Board in case no. AT831M070434-I-1.

_____

DECIDED: June 12, 2008

_____

Before MAYER, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board dismissed the petition of Mr. James O. Richardson, a retired federal employee, for failure to prosecute. Mr. Richardson asked the Board to reconsider the Office of Personnel Management's recomputation of his civil service annuity. The recomputation eliminated credit for Mr. Richardson's military service after 1956. Because Mr. Richardson failed entirely to comply with the administrative judge's multiple orders and also failed to otherwise communicate with the administrative judge, the court affirms.

Federal statute limits this court's review of Board decisions. This court must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). In turn, the Board's own regulations give deciding officials authority to dismiss an appeal for failure to prosecute. 5 C.F.R. § 1201.43(b). This court has recognized that failure to respond to the Board's orders may justify dismissal. See Ahlberg v. Dep't of Health and Human Servs., 804 F.2d 1238, 1242-43 (Fed. Cir. 1986).

After filing his appeal with the Board, Mr. Richardson did not attend the prehearing conference and likewise did not contact the Board in any manner before issuance of the administrative judge's initial decision. The administrative judge issued multiple orders and provided Mr. Richardson with notice that his appeal would be dismissed if he failed to respond. After the administrative judge issued his initial decision, Mr. Richardson sent a letter petitioning the Board for review. Mr. Richardson stated in his letter that he thought he was expected to participate over the telephone.

The Board denied Mr. Richardson's petition and made final the administrative judge's decision. In doing so, the Board gave Mr. Richardson's letter consideration. However, Mr. Richardson did not deny receipt of the administrative judge's orders. He only stated he thought he was supposed to appear by telephone rather than in person. Thus, nothing in the record suggests that the Board abused its discretion in denying Mr. Richardson's petition and in adopting the administrative judge's initial decision as final.

AFFIRMED

## COSTS

Each party shall bear its own costs.